Macay, Judge.
From the case stated, it appears to me, that M’K. sold the bill of exchange to the plaintiff, and received the money as the price thereof; and that Wilkings took upon himself all the consequences. In this point of view, the law is settled. 3 Term 757. Andrews 108. 1 Salk. 124. 12 Mod. 408. And therefore a new trial ought to be granted.
Johnston, Judge.
It appears to me, that in this case there is no cause of action against the defendant. He contracted that Barclay, who was then in good credit, and as well known to the plaintiff, a merchant residing in the same town, as to the defendant residing in the country, should draw a bill in favour of the plaintiff; neither of of them had any doubt of the goodness of the bill. When the plaintiff received Barclay’s bill the contract of the defendant was fulfilled; the money was applied to the use of Barclay by being immediately placed to his credit, in discharge of his debt due to the defendant; and the plaintiff was accommodated with the bill contracted for. The defendant had nothing further to do; his placing the money to the credit of Barclay, was the same as if Barclay had himself received the money and paid it into the hands of the defendant. The whole must be considered as one entire transaction, the same as if the defendant, instead of drawing an order, had accompanied the plaintiff to Barclay, who having received his bill and paid his money, and Barclay had immediately handed it over to the defendant in payment. In such case the defendant could not be held accountable, and this does not appear to me to differ in substance from the present case.
*451 In the case 6 Term. 52, the defendant gave a draft assuring the plaintiff it would be immediately paid---in this case M’Kinsie gave no such assurance, the bill was taken on the credit of Barclay only. In the case, 7 Term. 64, the question was, whether the plaintiff had such a property in the plate, as would entitle him to recover in an action of trover. It was held that he had not, there being no actual delivery, and the notes given for the plate not being paid, in consequence of the bankruptcy of the banker. This case differs essentially from the case in question. The case, a Salk. 442, does not apply—as in that case the plaintiff did not agree to take paper in discharge of his debt. The case, 3 Term. 757, is much stronger than the case at bar; for there the defendants not only sold the bill of another without endorsing, but after the failure of the person on whom it was drawn, promised to take it up; yet, it appearing that the bill was taken on the credit of the person on whom it was drawn, it was held, by the court, that the defendants were not liable, and that they were not bound by their promise. In the case, 1 Salk. 124, and 12 Mod. 203, it is said, that if A sells goods to B, and B is to give a bill in satisfaction, B is discharged though the bill is never paid; for the bill is payment. See also the case of the Governor and Company of the Bank of England, against Newman.
Hall, Judge.
It does not appear that the plaintiff had any reliance upon the defendant, as to the bill which was drawn by Barclay in favor of the plaintiff. Barclay’s circumstances, for aught that appears, were known as well to plaintiff as to the defendant. At that time they were *452 doubted by no person. The defendant was not a party to the bill, nor did it pass from him, either by endorsement, or delivery. If, however, notwithstanding that, it appeared, that it had been the understanding of the parties, that the defendant should stand as a security to it, the case would be different; but as this does not appear to have been the case, I think a new trial should be granted.
Judge Taylor, concurred with the other Judges.—Rule absolute.
Vide Kyd on bills, 90 to 95—Chitty 122, 3, 4, 5, and the authorities there cited.